IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLOGG BROWN & ROOT SERVICES, INC. | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO._____ |
| SANDERS BROS., INC. | § § § | |
| Defendant. | § | |

## KELLOGG BROWN & ROOT SERVICES, INC.'S PETITION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT

Pursuant to 9 U.S.C. § 9, Kellogg Brown & Root Services, Inc. ("KBRS"), files its Petition to Confirm Arbitration Award and for Entry of Judgment ("Petition") and hereby requests that this Court confirm the arbitration award and enter judgment against Defendant, Sanders Bros., Inc. ("SBI"). In support thereof, KBRS states as follows:

### PARTIES

1.   KBRS is a Delaware corporation with its principal place of business located in Houston, Texas.

2.   SBI is a Delaware corporation with its principal place of business located in Gaffney, South Carolina. SBI can be served by and through its registered agent, C.T. Corporation System, 75 Beattie Place, Greenville, S.C. 29601.

### JURISDICTION AND VENUE

3.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship and the amount in controversy is in excess of

the $75,000 minimum for diversity jurisdiction cases. This Court also has jurisdiction to confirm the arbitration award pursuant to 9 U.S.C. § 9.

4. Venue is proper in the Southern District of Texas under 9 U.S.C. § 9 because it is the district within which the arbitration hearing was held and the final award was made.

### BACKGROUND FACTS AND CLAIMS

5. This dispute arises out of a subcontract entered into between KBRS and SBI dated July 24, 2006 (the "Subcontract") for the installation by SBI of certain underground mechanical, electrical, plumbing, communications and related work at Cape Canaveral Air Force Station in Florida. A true and correct copy of the Subcontract is attached as Exhibit "A," and is incorporated herein.

6. The Subcontract evidences a transaction involving interstate commerce within the meaning of 9 U.S.C. § 1,2, in that , among other things, the construction project which was the subject of the Subcontract involved the shipment of materials in interstate commerce and the activities engaged in on the project otherwise affected interstate commerce.

7. Pursuant to Article 23.10 of the Subcontract General Conditions, the Parties agreed to submit any dispute arising under the agreement to binding arbitration.

8. Pursuant to Article 23.10.3 of the Subcontract General Conditions, the site of the arbitration was required to be in Houston, Harris County, Texas.

9. Pursuant to Article 23.10.4.7, the Parties agreed to promptly implement the arbitrator's decision, pay any amounts which may be owed thereby, and agreed that judgment upon any award which may be rendered by the arbitrator may be entered into and enforced by any Court of competent jurisdiction.

10. In June 2008, deficiencies were observed in the work performed by SBI. KBRS immediately demanded that SBI correct the deficiencies, but SBI denied any responsibility and refused to correct the deficiencies. Pursuant to the terms of the Subcontract, KBRS proceeded to correct the deficiencies at its own expense and notified SBI of its intent to resolve the dispute pursuant to Article 23 of the Subcontract General Conditions.

11. On May 5, 2009, KBRS initiated arbitration through American Arbitration Association ("AAA") of its claim against SBI for reimbursement of the amounts spent to correct SBI's deficient work in the amount of $700,000.00. KBRS also included in the demand for arbitration a demand for attorneys' fees, interest, arbitration costs and other dispute resolution costs as provided for in the Subcontract.

12. An arbitrator was selected by agreement of the parties in accordance with the provisions of the Subcontract and the rules of the AAA, and arbitration hearings were held in Houston, Texas on December 15 - 17, 2009 in accordance with the above-referenced arbitration provisions of the Subcontract.

13. On January 22, 2010, an Interim Award was issued by the Arbitrator awarding KBRS damages of $671,396.69. The Interim Award also included a finding that KBRS was entitled to recover reasonable attorneys' fees from SBI and directed KBRS as the prevailing party to submit an affidavit on reasonable and necessary attorneys' fees which the arbitrator would assess as part of his Final Award. The Interim Award also stated that the Final Award would assess American Arbitration Association fees, arbitrator compensation and expenses, and other arbitration costs pursuant to the parties' contract. A true and correct copy of the Interim Award is attached as Exhibit "B" and is incorporated herein by reference.

14. On March 25, 2010, the arbitrator issued a Final Award in which he incorporated by reference the Interim Award of $671,396.69 to KBRS, and in addition awarded KBRS reasonable attorneys' fees and expenses in the sum of $295,128.00, directed that KBRS be reimbursed its proportionate share of arbitration fees and costs paid to the American Arbitration Association in an amount of $19,417.68, for a total Final Award of $985,942.37, and granted post-award interest on all sums at the rate of 5% per annum to commence ten (10) days from the date of the Final Award until paid. A true and correct copy of the Final Award is attached as Exhibit "C" and is incorporated herein by reference.

15. The Final Award has not been corrected, vacated or modified.

16. An Affidavit in Support of this Petition and Exhibits "A-C" are being filed contemporaneously with this Petition.

17. KBRS now seeks confirmation of the arbitration award and entry of Final Judgment from the Court to bring final resolution of this matter.

WHEREFORE, Kellogg Brown & Root Services, Inc. respectfully requests that this Court confirm the arbitration award attached as Exhibit "C", render Final Judgment enforcing the terms of the arbitration award with all relief granted thereto to KBRS, order that SBI pay the costs incurred in connection with this proceeding and for such other and further relief to which it may be entitled.

Respectfully submitted

**SERPE, JONES, ANDREWS,
CALLENDER & BELL & PLLC**


By: _____
      Randall Jones
      State Bar Number 10928700
      Fed. Bar No.: 9381
      Chad Castille
      State Bar No. 24031920
      Fed. Bar No.: 611096
Three Allen Center
333 Clay St., Suite 3485
Houston, Texas 77002
Telephone:   (713) 452-4400
Facsimile:   (713) 452-4499

**ATTORNEYS FOR PLAINTIFF KELLOGG
BROWN & ROOT SERVICES, INC.**

186762